IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| DENISE CALLENS<br>1803 Olney Road<br>Falls Church, Va. 22043<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 5th Street N.W.<br><br>Washington, D.C. 20001<br><br>    Defendant. | Case No: 1:10-cv-00842-CMH -TCB<br><br>**JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT**

Plaintiff DENISE CALLENS, by and through counsel, hereby submits an Amended Complaint against Defendant WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (hereinafter "WMATA") for discrimination based on race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. (hereinafter "Title VII"); and retaliation in violation of Title VII, and in support thereof states as follows:

JURISDICTION

1. This action presents a federal question and jurisdiction is proper under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*.

2. As early as November 15, 2006, Plaintiff made internal complaints to her supervisors and WMATA's office of Civil Rights ("CIVR"), charged internally

1

within WMATA with enforcing EEO laws. The CIVR internally found that WMATA had not violated EEO rights under applicable laws.

3. WMATA's CIVR, although purportedly established as an internal mechanism to enforce EEO laws, has historically not demonstrated a credible commitment to protecting employee rights under EEO laws. Specifically, federal courts in this jurisdiction have concluded that WMATA managers have violated employees Title VII rights even after WMATA's CIVR has found no civil rights violation on part of its managers regarding the same allegation. See for example, *Kumar v. WMATA*, 172 F.3d 922 (per curiam, affirming decision of Urbina, J); *Townsend v. WMATA*, 746 F. Supp 178 (D.D.C. 1990) (Richey, J); *Hairston v. WMATA*, 1997 WL 411946 (D.D.C. 1997) (Hogan, J.); *Mackel v. WMATA*, 00CV02753 (Robertson, J).

4. Plaintiff exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 18, 2006, receiving a Right to Sue Notice on September 30, 2009, and filing this action within ninety (90) days of such notice.

## PARTIES

5. Plaintiff is a Caucasian/white female who is a citizen of the United States of American and a resident of Falls Church, Virginia.

6. Plaintiff worked for WMATA at all times relevant to this action.

7. Plaintiff is an "employee" of Washington Metropolitan Area Transit Authority, as defined by Title VII, 42 U.S.C. §2000e.

8. WMATA is a regional corporate and political body organized pursuant to Public Law 89-774, 80 State 1324 (1966); Maryland Acts of General Assembly, Chapter 869-1965; Virginia Acts of Assembly, Chapter 2-1966 and resolution of D.C. Board of Commissioners adopted November 15, 1966 with its principal office and place business at 600 Fifth Street, N.W., Washington D.C. 20001, and is subject to the provisions of Title VII.

FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff began her employment with WMATA as a bus operator on January 7, 1997. Plaintiff is currently employed as a train operator.

10. At all times relevant to this Complaint, Plaintiff has been employed as a train operator at WMATA's West Falls Church Division, Virginia. Her responsibilities include overseeing day-to-day train operations, and safely conducting a train through her assigned route according to schedule.

11. During the course of Plaintiff's employment, her job performance always met or exceeded her employer's expectations.

12. In November, 2006, Plaintiff was wrongfully denied compensation for attending a required meeting.

13. In November, 2006, Plaintiff was unjustly denied required handsets, which were granted to similarly situated African Americans of similar or lesser ranking within WMATA.

14. Plaintiff filed a Charge of Discrimination with the EEOC on November 18, 2006.

COUNT I
DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII

15. Plaintiff re-states the allegations of preceding paragraphs and incorporates them herein by reference.

16. Plaintiff is a member of a protected class based on her race (White).

17. For the entire duration of her employment with WMATA, Plaintiff's performance met or exceeded WMATA's legitimate expectations.

18. On numerous occasions, Plaintiff's co-workers used racially insensitive/derogatory terms about Plaintiff, including "fucking white bitch."

19. Plaintiff's supervisors were aware of this and condoned such behavior.

20. Plaintiff's supervisors who were non-white engaged in a pattern of harassing and discriminatory conduct against Plaintiff, including inferior job assignments, unsafe train assignments, slamming doors, and other disrespectful and hostile treatment.

21. WMATA refused to provide department transfer opportunities and job assignments to Plaintiff despite her qualifications and numerous reports to WMATA's administrative authorities of working in a hostile and harassing environment.

22. WMATA provided these transfers and job assignments to similarly-situated African American/black employees.

23. Despite Plaintiff's requests, WMATA refused to provide Plaintiff with safe, adequate equipment, and intentionally assigned Plaintiff to trains without heated cabins, whereas WMATA provides safer equipment and trains to similarly situated African American/black employees.

24. WMATA instructed Plaintiff to continue to operate a train, in violations of OSHA regulations, after Plaintiff had reported that someone had urinated in one of the train's cars. In similar circumstances, WMATA has followed OSHA regulations and safety protocol when incidents were reported by African American/black train operators.

25. All of the above-described harassing and discriminatory conduct was based on Plaintiff's race (white).

26. WMATA's actions were intentional and malicious and done with reckless disregard for Plaintiff's federally-protected rights.

27. As a direct result of WMATA's discrimination, Plaintiff has been forced to seek medical treatment, has missed work, lost wages, and has suffered emotional distress and other compensatory and non-compensatory damages.

## COUNT II
## DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII

28. Plaintiff re-states the allegations of the preceding paragraphs and incorporates them herein by reference.

29. WMATA refused to provide Plaintiff with safe, adequate equipment, and intentionally assigned Plaintiff to trains without heated cabins, whereas WMATA provided safer equipment and trains to similarly-situated male employees.

30. Despite Plaintiff's numerous reports of working in a hostile and harassing work environment, WMATA has not taken any measures to accommodate Plaintiff by transferring Plaintiff to a different department. WMATA has provided such accommodations to similarly situated male employees.

31. All of the above-described harassing and discriminatory conduct was based on Plaintiff's sex (female).

32. WMATA's actions were intentional and malicious and done with reckless disregard for Plaintiff's federally-protected rights.

33. As a direct result of WMATA's discrimination, Plaintiff has been forced to seek medical treatment, has missed work, lost wages, and has suffered emotional distress and other compensatory and non-compensatory damages.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

34. Plaintiff re-states the allegations of the preceding paragraphs and incorporates them herein by reference.

35. Plaintiff engaged in protected activities under Title VII by filing internal complaints and a Charge of Discrimination with the EEOC.

36. WMATA retaliated against the Plaintiff in violation of Title VII by denying her wages for attending a required meeting, equipment, department transfers, job assignments or similar accommodations which would have removed her from the hostile and discriminatory work environment.

37. Shortly after Plaintiff's complaints of discrimination, WMATA co-workers and managers retaliated against Plaintiff by placing her in danger due to the dropping of red signals throughout her route.

38. Although Plaintiff has reported these safety violations, WMATA has taken no action to either investigate or resolve these safety violations.

39. WMATA further retaliated against Plaintiff by refusing to adequately investigate or mitigate the hostile and discriminatory working environment, thereby causing serious emotional distress to the Plaintiff.

40. These retaliatory actions began taking place shortly after Plaintiff's internal reports of discrimination and EEOC charge.

41. The conduct described herein was in retaliation for Plaintiff exercising her right to a discrimination-free work environment by reporting discrimination and harassment internally and to the EEOC.

42. WMATA's actions were intentional and malicious and done with reckless disregard for Plaintiff's federally-protected rights.

43. As a direct result of WMATAs' retaliation, Plaintiff has missed work, suffered lost wages, severe emotional distress, fear, and other compensatory and non-compensatory damages, including medical and psychological anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Denise Callens asks this Honorable Court to award her relief as follows and requests that this Court:

A. Find that Defendant WMATA discriminated against Plaintiff on basis of race in violation of Title VII of the Civil Rights Act 1964, 42 U.S.C. §2000e, *et. seq.*; and

B. Find that Defendant WMATA has engaged in unlawful discrimination based on Plaintiff's sex in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et. seq.*; and

C. Find that Defendant WMATA retaliated against Plaintiff in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et. seq.*; and

D. Award Plaintiff her lost wages, compensatory damages and punitive damages in an amount to be determined by a jury; and

E. Award Plaintiff pre and post judgment interest of all amounts awarded; and

F. Award Plaintiff any and all other such relief as the Court deems appropriate; and

G. Award Plaintiff reasonable attorney fees and costs incurred.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims set forth herein.

Respectfully submitted,
Denise Callens
By Counsel

_____/s/_____
Robert B. Nealon, Esq. (VSB# 23096)
Nealon & Associates, P.C.
119 N. Henry St.
Alexandria, VA 22314
Phone:  703-684-5755
Fax:  703-684-0153
Email: rbnealon@nealon.com
*Counsel for Plaintiff Denise Callens*

**CERTIFICATE OF SERVICE**

I hereby certify that on this __17th__ day of September 2010, a copy of the foregoing *Amended Complaint* will be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Gerard J. Stief, Esq.
Washington Metropolitan Area Transit Authority
600 5th Street, NW
Washington, DC 20001
(202) 962-1463
Fax: (202) 962-2550
GStief@WMATA.com
*Counsel for WMATA*

Fredric H. Schuster, Esq.
Washington Metropolitan Area Transit Authority
600 5th Street, NW
Washington, DC 20001
(202) 962-2560
*Counsel for WMATA*

            _____/s/_____
            Robert B. Nealon (VSB# 23096)
            NEALON & ASSOCIATES, P.C.
            119 North Henry Street
            Alexandria, VA 22314
            Tel: (703) 684-5755
            Fax: (703) 684-015
            Email: rbnealon@nealon.com
            *Counsel for Plaintiff*